UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Flom Construction, LLC,

                        Plaintiff,        Civil Action No.

v.

Flom Construction Services LLC,

                                        **JURY TRIAL DEMANDED**

                      Defendant.

## COMPLAINT -- JURY DEMAND

Flom Construction, LLC, for its claims for relief against Flom Construction Services LLC states and alleges as follows:

## JURISDICTION AND VENUE

1.  This is an action for federal unfair competition arising under the Lanham Act, 15 U.S.C. § 1125 et seq., and for related state law claims of unfair competition and breach of contract. This Court has jurisdiction of this action under 28 U.S.C. §§1331, 1338(a) and 1338(b), and under its supplemental jurisdiction, §1367(a).

2.  Venue is proper in this district under 28 U.S.C. §§1391 and 1400(a).

## PARTIES

3. Flom Construction, LLC (hereinafter "Plaintiff") is a Minnesota limited liability company having a place of business at 3152 Oakgreen Ave. N, Stillwater, MN 55082 generally engaged in construction throughout the state of Minnesota.

4. Plaintiff is informed and believes, and on that basis alleges, that Defendant Flom Construction Services LLC (hereinafter "Defendant"), is a Minnesota limited liability company, with a principal place of business located at 558 County RD J W, Shoreview, MN 55126.

5. Upon information and belief, Defendant is engaged in the business of construction to persons in the state of Minnesota.

6. Upon information and belief, Defendant's advertising and promotion of its business violates the Lanham Act, 15 U.S.C. § 1125 et seq., and certain Minnesota statute(s).

## BACKGROUND FACTS

7. Since 2015, Plaintiff has been using the mark Flom Construction (the "Mark") in association with, inter alia, construction. Plaintiff has used the Mark in its advertising materials and marketing for an extensive amount of time and has expended substantial amounts of money promoting the Mark.

2

8. Plaintiff, Flom Construction, LLC, registered as a limited liability company on July 18, 2015, and is still active today.

9. On information and belief, Defendant, Flom Construction Services LLC, registered as a limited liability company on December 14, 2022, and was administratively terminated on January 15, 2025. Despite being administratively terminated, Defendant is still marketing construction services under Flom Construction Services LLC.

10. On information and belief, Jeremy Flom is the owner of Defendant.

11. The Mark has acquired recognition serving as an identifier of Plaintiff as the source of construction services.

12. Plaintiff is preeminent in its field, and its long history of quality services have resulted in the creation of substantial goodwill with respect to the Mark.

13. Defendant is performing similar services using the mark Flom Construction Services ("Infringing Mark") which is virtually identical to Plaintiff's Mark.

14. The similarity between the Mark and the Infringing Mark, and the extent to which the services of each party are related, it is inevitable that confusion in the marketplace has and will occur. As a result of the foregoing, an intentional

infringement of the Mark has occurred and is continuing.

15. Defendant's infringement on the Mark is intentional as it has inserted reviews from Plaintiff's Facebook page on Defendant's website and simply changed the reference of "Steve", who is the owner of Plaintiff to "Jeremy". A copy of the reviews are attached hereto as **Exhibit A**.

16. This confusion has already caused Plaintiff to receive a certified letter requesting wage garment which referenced a Minnesota state court file made against Flom Construction and customers have called Plaintiff asking why it had taken so long to receive a call back from "Jeremy".

17. On or about October 14, 2025, Plaintiff sent Defendant a letter demanding Defendant immediately cease and desist from using the Mark. A true and correct copy of the letter is attached hereto as **Exhibit B**.

18. Defendant contacted Plaintiff's counsel and Plaintiff's counsel requested that it provide its response in writing which was never received. Plaintiff sent a follow letter to Defendant on November 24, 2025. A true and correct copy of the letter is attached hereto as **Exhibit C**.

19. Defendant declined to cease and desist the use of the Infringing Mark. See **Exhibit D** attached hereto.

20. Defendant's continued use of the Infringing Mark is willful and

4

unlawful.

## COUNT 1
## FEDERAL UNFAIR COMPETITION UNDER THE LANHAM ACT

21.     Plaintiff realleges every allegation set forth in the preceding paragraphs and incorporates them herein by this reference.

22.     Count 1 arises under Section 43(a) of the Federal Trademark Act of 1946 as amended (15 U.S.C. §1125(a)).

23.     For many years, Plaintiff has used the Mark in a promotional manner as a mark in association with Plaintiff's services and marketed in the state of Minnesota.

24.     Plaintiff has used the Mark in a promotional manner as a mark to distinguish Plaintiff's services from all other services of the same classes, and Plaintiff has acquired substantial goodwill through the use of the Mark in a promotional manner as a mark.

25.     Defendant's use of the Infringing Mark in a promotional manner constitute acts in violation of 15 U.S.C. §1125(a) in that such use is likely to cause confusion, cause mistake or deceive as to affiliation, connection or association of Defendant with Plaintiff.

26.     Defendant's use of the Infringing Mark in a promotional manner

falsely attributes Plaintiff as the origin, sponsorship or approval of the Defendant's products, and falsely represents that the Defendant's services are provided by, marketed by, sponsored by, approved of or licensed by Plaintiff.

27. As a proximate result of the Defendant's acts, Plaintiff has suffered detriment to its business, goodwill, reputation and profits, all to its damage in an amount as yet not fully ascertained.

28. As Defendant has flagrantly disregarded the rights of Plaintiff, this is an exceptional case and Plaintiff is entitled to recover three times its damages plus reasonable attorney's fees pursuant to 15 U.S.C. §1117.

## COUNT 2
### STATE TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

29. Plaintiff realleges every allegation set forth in the preceding paragraphs and incorporates them herein by this reference.

30. By their actions, Defendant is causing confusion in the minds of consumers as to the affiliation, connection, association, or source of the services of Plaintiff, and are otherwise damaging the good will of Plaintiff, in violation of state trademark and unfair competition laws, Minn. Stat. §§ 325D.09 et seq., 325D.44 et

seq., and the common law of the State of Minnesota.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Flom Construction LLC prays for judgment against Defendant as follows:

1. That the Court finds that Defendant Flom Construction Services LLC has violated the Lanham Act.

2. That the Court finds a substantial likelihood that Defendant will continue to violate the Lanham Act unless enjoined from doing so.

3. That the Court grant an injunction pursuant to 15 U.S.C. § 1116, enjoining Defendant and his/her agents, managers, officers, directors, servants and employees from directly or indirectly using Flom Construction as a mark, or any confusingly similar mark, in association with Plaintiff's services.

4. That the Court order pursuant to 15 U.S.C. § 1118, that all signs, labels, printouts, packages, samples, inventories, products, catalogs, price lists, wrappers, receptacles, and advertisements in the possession of Defendant which are the same or confusingly similar to Plaintiff's marks be delivered up to Plaintiff for destruction.

5. That the Court pursuant to 15 U.S.C. § 1117 order Defendant to account to Plaintiff for any and all profits derived from the sale of goods or

services, and for all damages sustained by Plaintiff by reason of trademark infringement complained of herein.

6. That the Court pursuant to 15 U.S.C. § 1117 award Plaintiff the amount of actual damages suffered by Plaintiff and that the amount be trebled.

7. That the Court pursuant to 15 U.S.C. § 1117 award Plaintiff the costs of this action in that this is an exceptional case and that Plaintiff be awarded its reasonable attorneys' fees.

8. That the Court grant an injunction pursuant to Minn. Stat. § 325D.45, subdivision 1, enjoining Defendant and his/her agents, managers, officers, directors, servants and employees from directly or indirectly using Flom Construction as a mark, or any confusingly similar mark, in association with Plaintiff's services.

9. That the Court pursuant to Minn. Stat. § 325D.45, award Plaintiff the costs of this action and attorney's fees in that Defendant willfully engaged in the trade practice knowing it to be deceptive.

10. That the Court grant such other, further and different relief as the Court deems proper under the circumstances.

Dated: February 2, 2026                Respectfully submitted,

                                                          ALDEN PEARSON, P.A.

By: /s/ C. Alden Pearson
C. Alden Pearson, #0278543
Attorney for Plaintiff Flom Construction LLC
982 Inwood Ave. N.
Oakdale, MN 55128
Telephone: (651) 224-9000
Fax: (651) 305-5557
alden@aldenpearson.com

9